IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

VS.                            CASE NO. 4:12CR40015-001

CHADWICK WILLIAMS                                                                DEFENDANT

## ORDER

Before the Court is Defendant Chadwick Williams' three motions to withdraw his guilty pleas. (ECF Nos. 19, 22, and 36). The Court notes that Williams has also filed a supplement to one of his motions. (ECF No. 32). The government has responded. (ECF Nos. 20, 25, and 38). Defendant Williams has filed replies to the responses. (ECF Nos. 27 and 28). The Court finds the matter ripe for consideration.

### I. BACKGROUND

A search warrant was executed at Williams' home in Texarkana, Texas, and powder cocaine, crack cocaine, marijuana, and a .45 caliber pistol were found. Williams arrived at his home during the search and approximately $4,000 was found on his person. Originally, Williams was charged in Texas state court. Before his court date in Texas, however, the United States picked up his charges, and his Texas state charges were dismissed.

On March 7, 2012, Williams was indicted in the Western District of Arkansas on one count of conspiracy to deliver more than 280 grams of crack cocaine and two counts of intent to deliver a controlled substance. Williams pled guilty to Count 1 of the Indictment, which alleged a drug conspiracy "in the Western District of Arkansas, Texarkana Division, and elsewhere." Williams was

charged individually and no co-conspirators are identified in the Indictment. Williams denies being engaged in any criminal conduct in Arkansas.

At Williams' plea hearing, the Court engaged in an explanation and discussion pursuant to Fed. Rule of Crim. 11(b). The Court fully explained the charges against Williams, the consequences of pleading guilty, and the statutory range of punishment for Count 1. The Court explained Williams' constitutional rights and the fact that neither the Court nor his attorney knew what the exact sentencing guideline range would be. Williams acknowledged under oath that he was satisfied with his attorney, that he had discussed the plea agreement with his attorney, that he understood the terms of the agreement, and that no one had forced or pressured him to enter a guilty plea. The Government read into the record the information contained in the stipulation of facts section of the plea agreement, and Williams acknowledged that the information was true. The plea agreement stated that Williams "conspired with . . . others to obtain ounce quantities of crack cocaine for distribution in the Texarkana area." The Court accepted Williams' guilty plea.

Williams has now filed three separate motions to withdraw his guilty plea. (ECF Nos. 19, 22, and 36). Williams asserts that he should be allowed to withdraw his guilty plea for the following reasons: (1) that he was pressured into signing the plea agreement by an Assistant United States Attorney and (2) that the Court is without jurisdiction to enter a judgment on Williams' guilty plea because venue is improper in the Western District of Arkansas. On August 28, 2013, the Court held a hearing to address Williams' motions, and today the Court renders its decision.

## II. DISCUSSION

Under Fed. R. Crim. P. 11(d)(2)(B), after a court accepts a guilty plea, a defendant may still withdraw the plea before sentence is imposed if "the defendant can show a fair and just reason for

requesting withdrawal." *See U.S. v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010). In addition to a "fair and just reason for withdrawal," a court may consider any legal assertions of innocence, the length of time between the guilty plea and the motion to withdraw, and the prejudice to the government in granting the motion to withdraw. *U.S. v. Teeter*, 561 F.3d 768, 770 (8th Cir. 2009). If a defendant fails to show a fair and just reason for withdrawing his plea, however, a district court need not address the additional considerations. *Id*. The occasion for setting aside a guilty plea should seldom arise when a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he or she acknowledged committing the crime. *Alvarado*, 615 F.3d at 920 (quoting *U.S. v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)).

    A. *Pressure to Sign Plea Agreement*

Here, Williams argues that he has provided a fair and just reason to withdraw his guilty plea because an Assistant United States Attorney (AUSA) pressured him into signing the plea agreement. According to Williams, the AUSA told Williams prior to him signing the plea agreement that, if convicted, he would receive a sentence of at least twenty years; on the other hand, if Williams pled guilty, he would only serve ten years. Williams asserts that this conversation put pressure on him and confused him. Williams, however, offered no testimony or evidence to support his claim at the motion hearing on August 28, 2013. Instead, he notified the Court that he would rely on the documents that he had filed with the Court. Consequently, there are no specific facts in the record that support Williams' claim that he was pressured to plead guilty.[1] The Court notes that Williams

---

[1] The Court notes that Williams filed an affidavit on November 13, 2013, stating that facts represented in specific pleading are true. (ECF No. 39).

3

bears the burden of proving why withdrawal of his guilty plea should be permitted. *U.S. v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005).

The United States Court of Appeals for the Eighth Circuit's precedent is clear:

A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding.

*U.S. v. Ramirez-Hernandez,* 449 F.3d 824, 826 (8th Cir. 2006) (internal citation omitted).

Williams entered his plea of guilty after the Court reviewed with him the plea agreement and the consequences of a guilty plea. Williams acknowledged under oath that he was guilty of the charge, that the statement of facts in the plea agreement were true, and that he voluntarily decided to plead guilty. Williams assured the Court that no one had made any promises to him, other than those contained in the agreement, to get him to sign the plea agreement and that he did not feel any pressure to sign the agreement. The Court explained to Williams that he would be sentenced according to the United States Sentencing Guidelines and that those guidelines were advisory. The Court further explained to Williams that his guideline range would not be known until the Presentence Report was completed.

Even if Williams was confused about his possible sentence before his change of plea hearing, the Court clearly explained the minimum and maximum sentences during the hearing. Thus, Williams was fully aware of the potential range of punishment to which he was exposing himself through his plea. *See U.S. v. Burney*, 75 F.3d 442, 445 (8th Cir. 1996) ("A defendant's misapprehension of the application of the Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the defendant was told the range of potential

4

punishment and that the Guidelines would be applied to determine his sentence."). Moreover, if Williams had felt pressured or coerced into signing the plea agreement, he had every opportunity at the plea hearing to raise this issue with the Court. Williams' failure to do so refutes his claim that his plea was involuntary. Based on the foregoing, the Court concludes that Williams has failed to demonstrate any fair and just reason for allowing him to withdraw his plea.

### B. Improper Venue

Williams argues that he should be allowed to withdraw his guilty plea because the Western District of Arkansas is an improper venue and thus the Court is without jurisdiction to enter a judgment on his plea. According to Williams, the facts that he admitted to at the change of plea hearing establish venue in the Eastern District of Texas and not the Western District of Arkansas.

Even though Williams couches his venue argument in terms of withdrawing his plea, he is essentially making a jurisdictional argument. However, the question of venue is not jurisdictional and cannot be raised at any time. *U.S. v. Cordova*, 157 F.3d 587, 597, n. 3 (8th Cir. 1998). Venue is a waivable personal privilege designed for the benefit of the defendant, and the constitutional and statutory venue provisions are not restrictions on a court's jurisdiction. *Id*. (citing *U.S. v. Gaviria*, 116 F.3d 1498, 1517 (D.C. Cir. 1997)). Here, Williams never filed a motion for change of venue, and did not object to venue before he entered his guilty plea or during the change of plea hearing. Williams intelligently entered his plea of guilty, which waived all nonjurisdictional irregularities and defenses. *Bistram v. U.S.*, 253 F.2d 610, 613 (8th Cir. 1958). Consequently, Williams has waived any objection he has to venue. *See Cordova*, 157 F.3d at 597 (because the defendant did not object to venue before, during, or at the conclusion of trial, any objection he had to venue was waived).

Upon consideration, the Court finds that Williams' motions to withdraw his guilty plea (ECF Nos. 19, 22, and 36) should be and hereby are **DENIED**.

IT IS SO ORDERED, this 19th day of November, 2013.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            United States District Judge